**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Manuel Barrios, individually and as a representative of all similarly situated persons, | ) | |
| | ) | No.: 15 cv 2648 |
| Plaintiff, | ) | |
| v. | ) | Judge: |
| The City of Chicago, Garry F. McCarthy in his Official Capacity as the Superintendent of the Chicago Police Department, and Officer Mark Jaeger (Star 9974), in his individual capacity, | ) | Magistrate: |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, MANUEL BARRIOS, for himself and all similarly situated people, by counsel, Edward R. Moor of the MOOR LAW OFFICE, P.C., and Paul J. Lytle, of the LAW OFFICES OF PAUL J. LYTLE, LLC, states for his Complaint against The City of Chicago, Garry F. McCarthy in his official capacity, and Officer Mark Jaeger in his individual capacity, as follows:

## INTRODUCTION

1. The City of Chicago has a policy, custom and practice of illegally depriving owners of their vehicles without due process by circumventing the City of Chicago Municipal Code and the Illinois Drug Asset Forfeiture Procedure Act if the vehicles were allegedly connected with a state drug "use-related offense."

2. As explained below, the City of Chicago's policy, custom and practice is to impound a car occupied by a person charged with a State of Illinois drug "use-related offense," determine if a lienholder exists by checking the Secretary of State's database, and then call the lienholder and threaten them by asserting that if they do not sign a contract with the City to

repossess the car (a contract which requires that the lienholder promise to not return the car to the owner) that the Chicago Police will initiate forfeiture proceedings. Forfeiture is the more cumbersome option: forfeiture proceedings would require the lienholder to post a bond to preserve its interest and appear by counsel in the resulting proceedings (735 ILCS 150/6), and if the vehicle owner is innocent in the ways described by the Illinois Drug Asset Forfeiture Procedure Act, the resulting proceeding may end in no forfeiture (735 ILCS 150/8).

3. The City of Chicago coerces lienholders in this way when it has no intention of pursuing forfeiture proceedings, primarily because in a state forfeiture action the owner can assert an innocent owner defense. The City of Chicago coerces lienholders into taking the car, thus transforming a mere impoundment into a forfeiture without any due process.

4. An impoundment is not a forfeiture. The City of Chicago has illegally turned impoundment into an extra judicial forfeiture without due process gutting both the protections that the impoundment ordinance and the forfeiture statute afford vehicle owners.

## JURISDICTION

5. This action arises under the United States Constitution, the Civil Rights Act of 1871 (42 U.S.C. § 1983), and the laws of the State of Illinois. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1343(a)(3), and 28 U.S.C. 1367.

6. Venue is proper in this District under 28 US.C. § 1391 because all Defendants reside in the District and also because all of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

7. The City of Chicago, on and before August 29, 2014, and at all relevant times, was a municipal corporation and maintained, as a division of itself, a police department known as the

City of Chicago Police Department. The Chicago Police Department, in turn, operates an Asset Forfeiture Unit. The City of Chicago is being directly sued for its policies and practices, and is being sued as an indemnity defendant as to Officer Mark Jaeger's liability for compensatory damages.

8. The City of Chicago, was and is the employer of Defendants Garry F. McCarthy, the Superintendent of the Chicago Police Department, and Officer Mark Jaeger (Star 9974).

9. Garry F. McCarthy, the Superintendent of the Chicago Police Department, was at all times alleged herein acting under the color of law in the course of his employment as the City of Chicago Police Department Superintendent. He is being sued in his official capacity.

10. Officer Mark Jaeger was at all times alleged herein acting under the color of law in the course of his employment as a City of Chicago police officer. He is being sued in his individual and personal capacity.

11. Plaintiff is an individual who is and was the registered owner of a 2012 Honda Accord which was impounded by the City of Chicago Police Department on August 29, 2014. At all relevant times, Plaintiff was a citizen of the United States and a resident of Chicago, Cook County, Illinois.

**COMMON ALLEGATIONS**

12. The City of Chicago, pursuant to the Municipal Code of Chicago, can impound a vehicle for various specified offenses.

13. The procedures governing the City's impoundment of vehicles are found at §§ 2-14-132 and 2-14-135 of the Municipal Code of Chicago.

14. Two general classes of offenses describe the many specific offenses for which a motor vehicle can be impounded: "status-related offenses" and "use-related offenses."

15. "Status-related offenses" include vehicles involved in the following: 3-46-076: "for-hire vehicle" not displaying registration emblem; 3-56-155: "counterfeit wheel tax license emblem"; 4-68-195: unlicensed ambulance; 9-80-220: false, stolen, or altered temporary registration permits; 9-110-180(b): authorization for the impoundment of pedicabs, generally; and 9-112-640: unlicensed solicitation of passengers.

16. "Use-related offenses" include vehicles involved in the following: 7-24-225: vehicle contains or is used in the purchase, attempt to purchase, sale or attempt to sell controlled substance or cannabis as defined in a) the Controlled Substances Act, 720 ILCS 570/100 or b) the Cannabis Control Act, 720 ILCS 550/1; 7-24-226: driving while intoxicated; 7-28-390: dumping on public way; 7-28-440: dumping on real estate without permit; 7-38-115(c): second or subsequent noise violation by a mobile food vehicle; 8-4-130: possession of etching materials or paint, on the property of another, or public property without consent of the owner; 8-8-060: street solicitation for prostitution or pandering; 8-20-070: possession of unlawful firearm or accessory; 9-12-090: drag racing; 9-32-040: reckless driving at, or interfering with a funeral procession; 9-76-145: noise violation; 9-80-225: abuse of disability parking; 9-80-249: driving on a suspended or revoked license; 9-92-035: fleeing or eluding police; 9-8-480(c): littering; and 15-20-270: possession of unlawful fireworks.

17. For all but a few of the above listed offenses, if the owner pays the specified fine and accrued towing and storage fees the impounded vehicle can be recovered by the owner, so long as the vehicle's registration and insurance are current.

18. For all but one of the specified offenses, *i.e.*, a drug use-related offense (§ 7-24-225), a vehicle owner can contest the impoundment at either a preliminary or final hearing and

take the vehicle on the order of an administrative judge or, if the owner loses the preliminary or final hearing, take the vehicle after paying the specified fine and accrued towing and storage fees.

19. The Municipal Code specifies that as to vehicles impounded for a § 7-24-225 drug use-related offense the procedure applicable to preliminary hearings is modified to the extent that the release of the vehicle is also contingent on "the department of police [determining] that it must retain custody of the vehicle under the applicable state or federal forfeiture law" § 2-14-132(1).

20. The procedure for the release of vehicles impounded for a § 7-24-225 drug use-related offense after an administrative ruling in favor of the owner at final hearing is also modified. §2-14-132(2) provides, in part that:

> "If the vehicle was seized and impounded pursuant to Section 7-24-225, the vehicle shall not be returned unless and until the city receives notice from the appropriate state, or where applicable, federal officials that (i) forfeiture proceedings will not be instituted; or (ii) forfeiture proceedings have concluded and there is a settlement or a court order providing that the vehicle shall be returned to the owner of record."

21. The procedure for the release of vehicles impounded for a § 7-24-225 drug use-related offense is modified in the event that the owner does not contest the impoundment but just pays the specified impoundment fee and accrued storage and towing fees. § 2-14-132(3) provides that:

> "Notwithstanding any other provision of this section, no vehicle that was seized and impounded pursuant to Section 7-24-255 shall be returned to the owner unless and until the city has received notice from the appropriate state, or where applicable, federal officials that (i) forfeiture proceedings will not be instituted; or (ii) forfeiture proceedings have concluded and there is a settlement or a court order providing that the vehicle shall be returned to the owner of record."

22. Despite the language in § 7-24-225 and § 2-14-132 which suggests that the Chicago Police Department can continue to hold a vehicle which is no longer subject to impoundment unless it is notified that the State or Federal governments are not pursuing a forfeiture action, the

statutory role of the Chicago Police Department is not passive. 720 ILCS 150/5 requires "[t]he law enforcement agency seizing property for forfeiture" under various state drug acts to notify the State's Attorney for the county in which the seizure occurred of the facts surrounding the seizure and the inventory of the property within 52 days of the seizure. Thus, the City of Chicago Police Department is the origination point of forfeitures under the Illinois Drug Asset Forfeiture Procedure Act when the conduct at issue in a "use-related offense" has or could have been charged as a state law offense under the Controlled Substances Act, the Cannabis Control Act, or the Methamphetamine Control and Community Protection Act. *See* 725 ILCS 150/2 and 150/5. The City of Chicago knows, therefore, whether state forfeiture has been initiated in a state law drug case.

23. The City of Chicago has a policy, practice and custom of refusing to return vehicles impounded for a § 7-24-225 use-related offense even when the underlying Illinois drug offenses have been dismissed and an administrative judge has ordered the release of the car without the payment of fines and storage and tow fees and the City has not given notice to the State's Attorney of a seizure of property for forfeiture as required in 725 ILCS 150/5.

24. Further, once a vehicle is impounded the City of Chicago Police Department can identify the registered owner by running the license plate or examining the registration documents in the vehicle.

25. The Illinois Secretary of State must list vehicle lienholders on a vehicle's title, 625 ILCS 5/3-107, after a lienholder notifies the Secretary of State of its interest, 625 ILCS 5/3-203, and must mail the title to the lienholder. *Id*. The Illinois Secretary of State keeps a database of vehicle lienholders that can be accessed by running the Vehicle Identification Number ("VIN").

26. The City of Chicago is required by the Code to conduct an investigation to determine an impounded vehicle's registered owner and the existence of any interests held by a lienholder. § 2-14-132(b).

27. The City of Chicago Police Department itself can identify the secured lienholders by running a VIN in the Illinois Secretary of State's database. A publicly accessible version of the database is at http://www.ilsos.gov/regstatus/ (last accessed March 24, 2015).

28. The City of Chicago has an unwritten policy, practice and custom relative to vehicles impounded for a § 7-24-255 use-related offense of contacting lienholders with an interest in the vehicle and coercing them to repossesses the car when forfeiture has not or can no longer be pursued, thus illegally and unlawfully depriving the owner of their vehicle forever without due process.

29. Frequently, the City of Chicago regularly contacts lienholders to coerce them to repossess vehicles by threatening forfeiture (with no intention of actually pursuing forfeiture) *before* the time runs under the Municipal Code for an owner to contest the impoundment.

30. Within ten days of an impoundment the City is required to notify by certified mail the owner of record, the person found to be in control of the vehicle at the time of the alleged violation, and any lienholder of record, of the owner's right to challenge the occurrence of the alleged violation at an administrative hearing. If the owner is personally served with the aforementioned notice within ten days after the vehicle is impounded, and the owner acknowledges receipt of the notice in writing, the City need provide no additional notice. § 2-14-132.

31. The owner of record can seek a hearing to contest a vehicle impoundment. To do so the owner must file a written request for a hearing with the department of administrative

hearings no later than 15 days after notice was mailed or otherwise given under the Code. § 2-14-132.

32. Therefore, under the Municipal Code, there are no circumstances under which the City can lawfully dispose of an impounded vehicle short of the 15 days' time during which an owner's exercise of due process rights to request a hearing before an administrative law officer is preserved because should an owner request a hearing it must be set no more than 30 days after the request was made. § 2-14-132.

33. Nonetheless, the City of Chicago and the Chicago Police Department's Asset Forfeiture Unit Vehicle Office, maintains an unwritten policy, practice and custom of denying the due process rights of impounded vehicle owners whose ownership is subject to a financial lienholder, by unlawfully coercing said financial lienholders, through the threat of civil asset forfeiture, into the ratification of unauthorized contracts for the repossession of impounded vehicles, by the lienholders, prior to the expiration of the 15 days' time during which the owners' exercise of due process rights are preserved.

34. In drug use-related offense vehicle impoundments, when the City of Chicago determines that a lienholder exists, the Chicago Police Department's Asset Forfeiture Unit Vehicle Office, specifically, Officer Mark Jaeger (#9974), illegally circumvents the vehicle owner's constitutionally protected due process rights by directly contacting the lienholder and employing an illegal and intentionally coercive scheme for the purpose of effectuating immediate repossession of the vehicle by the lienholder for the sole purpose of effectuating permanent deprivation of the impounded vehicle from the vehicle's registered owner.

35. The City of Chicago and Officer Mark Jaeger threatens the lienholder with the pursuit of civil asset forfeiture proceedings should the lienholder decline ratification of an illegal,

and intentionally coercive, contract designed and promulgated by the City of Chicago and the Chicago Police Department's Asset Forfeiture Unit Vehicle Office.

36. The illegal and intentionally coercive contract requires that the lienholder institute immediate repossession of the drug use-related offense impounded vehicle and required that the lienholder promise to permanently deprive the registered owner of said impounded vehicle, under the explicit but false threat of the commencement of civil asset forfeiture proceedings.

37. The City of Chicago transfers possession of a drug use-related offense impounded vehicle to the lienholder upon its ratification of the illegal and intentionally coercive contract, at which point the registered owner is permanently deprived possession of the vehicle regardless of the outcome of any underlying criminal charges or the impoundment proceedings.

38. This illegal and intentionally coercive scheme is done with the knowledge that a lienholder is exempt from civil asset forfeiture under the Illinois Drug Asset Forfeiture Procedure Act, and the scheme is executed for the sole purpose of instituting an extrajudicial penalty upon the impounded vehicle's registered owner at the expense of that registered owner's constitutionally protected due process rights.

39. This illegal and intentionally coercive scheme is done with the knowledge that a vehicle owner may assert an "innocent-owner" defense under the Illinois Drug Asset Forfeiture Procedure Act, and the scheme is executed for the sole purpose of instituting an extrajudicial penalty upon the impounded vehicle's registered owner at the expense of that registered owner's constitutionally protected due process rights.

40. This action is brought by Manuel Barrios on behalf of himself and on behalf of the Class defined below injured by the Defendants' policy, pattern or practice of seizing vehicles from persons arrested on suspicion of drug "use-related offenses" whose owners were refused the return

of and dispossessed of their automobiles for a substantial period of time, or permanently, without legal basis when the City of Chicago contacted the vehicle lienholder and coerced or attempted to coerce the repossession of the automobile and where there was no recourse to either civil forfeiture or by enforcement of Judgment per §2-14-103.

**ALLEGATIONS AS TO BARRIOS**

41. Plaintiff Manuel Barrios is the registered owner of a 2012 Honda Accord, held by the Chicago Police Department under inventory number 463875.

42. On August 29, 2014, Plaintiff's vehicle was impounded by the Chicago Police Department for violations of sections 7-24-225 and 2-14-135 of the Chicago Municipal Code, incident to the arrest of Plaintiff s son and the vehicle's then operator, Jesus Barrios, on suspicion of violation of 720 ILCS 550/4-D, a felony.

43. On September 15, 2014, the City of Chicago non-suited both counts and the presiding administrative law judge entered a final administrative order commanding the City of Chicago to "refund all monies paid by [Plaintiff] and return vehicle" unless "held pursuant to applicable state, federal or other law, court order or warrant authorizing the continued impoundment or if vehicle is subject to police investigation hold that has not been removed."

44. Entry of that final administrative order was within the authority of the administrative law judge. §2-14-040. As a result of that final administrative order, on September 15, 2014, a clear right to the release of Plaintiff's vehicle was vested in Plaintiff, and a corresponding duty to release Plaintiff's vehicle was vested in the City of Chicago, contingent upon any hold "pursuant to applicable state, federal or other law, court order or warrant authorizing the continued impoundment or if vehicle is subject to police investigation hold that has not been removed.

45. On September 18, 2014, Assistant State's Attorney Kathleen Van Kampen amended the charge against Plaintiff's son from a felony to a misdemeanor, and then declined to prosecute that charge. Thereafter, the state court dismissed the drug case against Plaintiff's son.

46. As a result of that amendment, on September 18, 2014, Plaintiff's vehicle was no longer subject to civil asset forfeiture. 720 ILCS 550/12(3) (requiring "a felony violation of the Act"). As a result of that dismissal, on September 18, 2014, Plaintiff's vehicle was no longer subject to a "police investigation." Plaintiff s vehicle was not "held pursuant to applicable state federal or other law, court order or warrant authorizing the continued impoundment."

47. With all contingencies of the final administrative order resolved, Plaintiff had a clear and unencumbered right to the release of his vehicle, and the City of Chicago had an unencumbered corresponding duty to release Plaintiff's vehicle.

48. On September 18, 2014, Plaintiff served a copy of the final administrative order upon the City of Chicago Auto Pound #2, located at 10300 South Doty Road, Chicago, Illinois 60617, and demanded release of his vehicle. The City of Chicago Auto Pound refused release.

49. On September 22, 2014, Plaintiff faxed a copy of the certified statement of disposition, and a copy of the final administrative order to the Chicago Police Department's Asset Forfeiture Unit, and demanded the release of Plaintiff's vehicle.

50. After September 22, 2014, Plaintiff made repeated demands upon the Chicago Police Department for release of his vehicle.

51. The Chicago Police Department failed to comply with any of these demands until Plaintiff filed a Complaint for Mandamus in the Circuit Court of Cook County. His car was finally released on January 15, 2015.

52. Plaintiff learned that almost immediately after his 2012 Honda was impounded that the City of Chicago Police Department's Asset Forfeiture Unit Vehicle Office contacted American Honda Financial Corporation and demanded that the sign a contract to repossess the car and refuse to return it to Barrios. Plaintiff, through counsel, also learned that the City of Chicago Police Department had not advised the State's Attorney of the seizure so that civil forfeiture under the Illinois Drug Asset Forfeiture Procedure Act for the alleged state law offense was never a possibility.

## CLASS ACTION ALLEGATIONS

53. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this class action and seeks certification of the claims and issues on behalf of a Class defined as:

> **All persons whose automobiles were impounded by the City of Chicago under Chicago Municipal Code §§ 2-14-132 and 7-24-255 for a State of Illinois drug use-related offense where the seizure was not reported to the State's Attorney and instead the Chicago Police Department's Asset Forfeiture Unit Vehicle Office called the lienholder and demanded that the lienholder repossess the vehicle, during the period March 28, 2013 through the present, where the automobile owner was thereby deprived as a result of the use or possession of the automobile.**

54. Plaintiff reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified. Excluded from the Class are governmental entities, Defendants, and Defendant's officers, legal representatives, employees, and assigns. Also excluded from the Class is any judge, magistrate or judicial officer presiding over this matter, and the members of their immediate families and judicial staff.

55. Defendants' policy and practice of coercing lienholders into effecting forfeitures of impounded automobiles is uniformly applied to all Class members, including any subclass

arising out of the claims alleged herein, so that common questions of law and fact predominate as to all members of the Class and any subclass.

56. Plaintiff believes that the potential number of class members exceeds 1,000 per year.

57. Common questions of law and fact common to the Class and any subclass include, among others, the following:

   a. Whether Defendants contacted a lienholder to repossess a vehicle within the first 15 days of impoundment relative to an alleged state law use-relate drug offense impoundment;

   b. Whether Defendants contacted a lienholder to repossess a vehicle when state forfeiture proceedings could not be sought relative to an alleged state law use-relate drug offense impoundment;

   c. Whether Defendants contacted a lienholder to repossess a vehicle when the City of Chicago Police Department did not give notice to the State's Attorney of the seizure relative to an alleged state law use-relate drug offense impoundment;

   d. Whether Defendants deprived registered owners of the use of possession of their vehicle by contacting a lienholder to repossess a vehicle relative to an alleged state law use-relate drug offense impoundment when forfeiture was not or could not be sought.

58. The claims asserted by Plaintiff are typical of the claims of the members of the Class and any subclass, as the claims arise from the same course of conduct by Defendant, and the relief sought within the Class and any subclass is common to the members of each.

59. The Class is manageable because the Defendants keep records on each impoundment, have a standardized but illegal contract that they tender to lienholders, and keep track of the repossessions to document ownership. Identifying Class members and resolving common liability questions will therefore be manageable.

60. The Plaintiff will fairly and adequately represent and protect the interest of the class.

61. Plaintiff and his counsel can fairly and adequately represent the class.

62. There are no individual questions of liability.

63. Allowing the prosecution of these claims as separate actions would create the risk the establishment of incompatible standards of conduct being imposed on Defendants; would risk needlessly duplicative results and protracted proceedings; is inconsistent with the portion of the Class claims that seek injunctive or declaratory relief; and is inappropriate because common questions of law or fact predominate over questions affecting only individual members of the Class.

**COUNT I – DUE PROCESS CLASS ACTION – All Defendants**

1.-63. Plaintiff incorporates the allegations set forth in paragraphs 1 through 63 above as paragraphs 1 through 63 of Count I as if fully set forth herein.

64. The Due Process Clause of the Fifth Amendment to the United States Constitution, provides that no person shall be "deprived of life, liberty, or property, without due process of law. U.S. Const. amend V. The Due Process Clause is made applicable to the States by the Fourteenth Amendment to the United States Constitution.

65. The Defendants violated the Due Process rights of Plaintiff and the Class by intentionally depriving them of their vehicles in violation of the procedures detailed in the Chicago Municipal Code and the Illinois Drug Asset Forfeiture Procedure Act.

WHEREFORE, Plaintiff and the members of the Class respectfully pray that:

1. The Court certify this action as a Class action under Federal Rule of Civil Procedure 23(b)(2) and (b)(3);

2. That the Court declare the challenged policy, pattern and/or practice of depriving persons whose cars are impounded for a state law drug use-related offense by contacting lienholders and threatening forfeiture to be in violation of the Plaintiff and Class members Constitutional Rights;

3. That the Court order the Defendants to cease their policy, pattern and/or practice of depriving persons whose cars are impounded for a state law drug use-related offense by contacting lienholders and threatening forfeiture;

4. That the Plaintiff and the Class be awarded compensatory damages for the value of the property or property rights that they were wrongfully deprived of;

5. That the Plaintiff be awarded reasonable attorney's fees and costs.

Plaintiff and the Class demand trial by jury.

**COUNT II – DUE PROCESS CLASS ACTION – Defendant Jaeger**

1.-63. Plaintiff incorporates the allegations set forth in paragraphs 1 through 63 above as paragraphs 1 through 63 of Count I as if fully set forth herein.

64. The Due Process Clause of the Fifth Amendment to the United States Constitution, provides that no person shall be "deprived of life, liberty, or property, without due process of law.

U.S. Const. amend V. The Due Process Clause is made applicable to the States by the Fourteenth Amendment to the United States Constitution.

65. The Defendant Mark Jaeger (Star 9974) was an authorized officer, agent and/or employee of the City of Chicago Police Department, and at all relevant times was acting in the course and scope of his employment under the color of state law.

66. At all times relevant, it was the duty of Defendant Mark Jaeger, individually and as an officer, agent, and/or employee of the City of Chicago Police Department, to refrain from intentionally and unlawfully violating the Due Process rights of Plaintiff and the Class.

67. In violation of that duty, Defendant Mark Jaeger intentionally and unlawfully deprived Plaintiff and the Class of their vehicles in violation of the procedures detailed in the Chicago Municipal Code and the Illinois Drug Asset Forfeiture Procedure Act.

68. As a proximate result of Defendant Mark Jaeger's unlawful conduct, the Plaintiff and the Class suffered the unlawful loss of their vehicles and emotional distress.

WHEREFORE, Plaintiff and the members of the Class respectfully pray that:

1. The Court certify this action as a Class action under Federal Rule of Civil Procedure 23(b)(2) and (b)(3);

2. That the Plaintiff and the Class be awarded compensatory damages for the value of the property or property rights that they were wrongfully deprived of and all related emotional distress caused by Defendant's intentional conduct;

3. That the Plaintiff and the Class be awarded punitive damages;

4. That the Plaintiff be awarded reasonable attorney's fees and costs.

Plaintiff and the Class demand trial by jury.

**COUNT III – 745 ILCS 10/9-102 – Indemnity**

1.-63. Plaintiff incorporates the allegations set forth in paragraphs 1 through 63 above as paragraphs 1 through 63 of Count I as if fully set forth herein.

64. As a local public entity that employed the Defendant Mark Jaeger, the City of Chicago is required, pursuant to 745 ILCS 10/9-102, to pay any tort judgment or settlement for compensatory damages against Defendant Mark Jaeger for conduct committed within the scope of his employment activities, and may pay associated attorney's fees and costs.

65. This action is covered by 745 ILCS 10/9-102 to the extent of compensatory damages and attorney's fees and costs.

66. As a proximate result of Defendant Mark Jaeger's conduct in the course of their employment with the City of Chicago, Plaintiff sustained injuries, including property loss and psychological pain and suffering.

WHEREFORE, Plaintiff and the members of the Class respectfully pray that:

1. If a judgment is entered against Defendant Mark Jaeger, that this Court find the City of Chicago liable for any compensatory damages awarded to Plaintiff and the Class, and also prays for an award of attorney's fees and costs.

Plaintiff and the Class demand trial by jury.

    MOOR LAW OFFICE, P.C.

    /s/    Edward R. Moor

    Edward R. Moor
    ARDC# 6205169
    Moor Law Office, P.C.
    One N. LaSalle Street, Suite 600
    Chicago, Illinois 60602
    312-726-6207
    erm@moorlaw.net

Paul J. Lytle
ARDC #6311194
Law Office of Paul J. Lytle, LLC
208 South Jefferson Street, Suite 204
Chicago, Illinois 60661
312-509-2633
paul@pauljlytlelaw.com