IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Manuel Barrios, Brandon Fuller, and Savannah Washington individually and as representatives of all similarly situated persons, <br><br> Plaintiffs, <br><br> v. <br><br> The City of Chicago, <br><br> Defendant. | No.: 15 cv 2648 <br><br> The Honorable Joan B. Gottschall |

**PLAINTIFFS' UNCONTESTED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF A SETTLEMENT CLASS, AND FOR OTHER RELIEF**

Plaintiffs and Named Class Representatives, MANUEL BARRIOS, BRANDON FULLER, and SAVANNAH WASHINGTON, by counsel, Edward R. Moor and Paul J. Lytle, respectfully move this Court, pursuant to F.R.Civ.P. 23(e) and pursuant to this Court's Preliminary Approval Order of June 9, 2020 (Dkt. 172), on behalf of themselves and others similarly situated, without opposition from Defendant, for (1) final approval of the class action settlement, (2) certification of a settlement class, (3) approval of Class Notice and Notice Plan as implemented by the Claims Administrator, (4) affirmation of the Court's appointment of the Settlement Class Representatives, and (5) related relief[1]. In support of their motion Plaintiffs state as follows:

1. As explained in more detail in Plaintiffs' Memorandum of Law, the Settlement provides substantial relief to up to 405 owners of 356 vehicles that were allegedly deprived of due process by the City of Chicago in relation to drug use-related vehicle impoundments that occurred between March 28, 2013 and August 1, 2015. If finally approved, the Settlement creates a common

---

[1] All Capitalized Terms have the same meaning and definition as provided for in the Second Amended Stipulation and Agreement of Settlement. Dkt. 170.

fund of $4,950,000 to compensate vehicle owners or lessees for the loss of their vehicles or their loss of use of the vehicle if the deprivation was temporary, as in the case of Manuel Barrios.

  2. Further, as explained in more detail in Plaintiffs' Memorandum of Law, the class notice and notice plan, as preliminarily approved by the Court and as implemented by JND Legal Administration Company ("JND"), the Court approved notice and settlement administrator, were reasonable and constituted the best practicable notice under the circumstances, and constituted the due and sufficient notice of this action and of the Settlement, satisfying the requirements of due process and Rule 23. The class notice reached at least 91.29% of the class members which yielded approximately 126 timely and already processed Claim Forms. There have been no objections to the Settlement and there have been no opt-outs.

  3. Therefore, Plaintiffs request that the Court enter an order substantively similar to the proposed Final Approval Order, attached as Exhibit 1, which, among other things, would: (1) finally approve the Settlement as fair, adequate, and reasonable; (2) certify the Settlement Class, (3) approve the Class Notice and Notice Plan as implemented by the Claims Administrator, (4) affirm the appointment of the Settlement Class Representatives, (5) affirm the appointment of the undersigned as Class Counsel, and (6) afford such other relief as provided in the Settlement Agreement and as the Court deems just and proper. Specifically, Plaintiffs request that the Court enter a Final Approval Order that affords the following relief or findings:

    1. That the Court has jurisdiction over the subject matter of the Litigation, Plaintiffs, the Settlement Class Members, and the City.
    2. That the distribution of the Notice and Proof of Claim form, and publication of the Summary Notice of Proposed Class Action Settlement, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to apprise all Persons within the definition of the Settlement Class of the pendency of the Litigation and their rights in it, the terms of the proposed Settlement of the Litigation, and afforded Settlement Class Members with an opportunity to present their objections, if any, to the Settlement. The Court finds that the provision of

|   |   |
|---|---|
|   | Notice to the Settlement Class Members fully met the requirements of Federal Rule of Civil Procedure 23 ("Rule 23") due process, the United States Constitution, and any other applicable law. |
| 3. | That all Persons within the definition of the Settlement Class have been adequately provided with an opportunity to exclude themselves from the Settlement Class by executing and returning a Request for Exclusion. |
| 4. | Final approval of the prior provisional certification of the Settlement Class pursuant to Rule 23(b)(3) consisting of named owners of 356 vehicles that were impounded by the City of Chicago under Chicago Municipal Code § 7-24-225 for a State of Illinois drug related offense where the seizure did not result in forfeiture of the vehicle and the City of Chicago initiated contact with the lienholder of the vehicle and demanded that the lienholder take possession of the vehicle, during the period of March 28, 2013 through August 1, 2015, and as a result: (1) the vehicle owner was permanently deprived of his or her vehicle due to the lienholder taking possession of the vehicle, or (2) the vehicle owner was temporarily deprived of the use and possession of his or her vehicle (the "Settlement Class"). |
| 5. | That Barrios, Washington, and Fuller are approved as Settlement Class Representatives. |
| 6. | That as to the Settlement Class that the requirements of Rule 23(b)(3) are satisfied as: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Class; (d) the Settlement Class Representatives and their counsel have fairly and adequately represented and protected the interests of all the Settlement Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation. |
| 7. | Final approval of the Settlement as set forth in the Stipulation, each of the releases, and other terms as fair, reasonable, adequate, and in the best interests of the Settlement Class and directing the parties to the Stipulation to consummate and perform its terms. |
| 8. | Authorize and direct the Claims Administrator to make payments from the Settlement Escrow Account in accordance with the timing set forth below, and upon the Final Order and Judgment becoming a final and non-appealable court order: |

        a)    Class counsel fees and costs on the first business day within 31 days after the entry of the Final Order and Judgment;

        b)     Incentive payments to named Plaintiffs on the first business day within 32 days after the entry of the Final Order and Judgment;

        c)     Payments to Settlement Class Members who have submitted verified and approved claims with the Claims Administrator in accordance with the Stipulation and Settlement Agreement on the first business day within 32 days after the entry of the Final Order and Judgment;

        d)     Payment to the City of Chicago the balance of any remaining funds on the first business day after 119 days from the issuance of the payments to Claimants as provided in subparagraph c above.

9. Dismissing with prejudice the claims of all member of the Settlement Class other than those who validly and timely requested exclusion from the Settlement Class, the Litigation, and dismissing the Second Amended Complaint is dismissed on the merits with prejudice.

10. Ordering that persons in the Settlement Class who have not filed timely and valid Requests for Exclusion from the Class, pursuant to the procedures described in Section 7.1 of the Stipulation and Settlement Agreement, whether or not they filed a Proof of Claim within the time provided for, are barred from asserting any Settled Claims.

11. A finding that the amount paid and other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

4. Plaintiffs incorporate by reference their Memorandum of Law, as if fully set forth herein.

WHEREFORE, Plaintiffs MANUEL BARRIOS, BRANDON FULLER, and SAVANNAH WASHINGTON, by counsel, respectfully request that this Court (1) approve the proposed settlement, (2) certify a settlement class, (3) approve the notice plan as administered by JND Legal Administration as the Claims Administrator, and (4) reaffirm the appointment of the named Plaintiffs as representatives of the proposed settlement class. Plaintiffs further pray for any other relief that this Court deems just.

Respectfully submitted,

/s/ Edward R. Moor

Edward R. Moor, ARDC#6205169
Moor Law Office, P.C.
One North LaSalle Street, Suite 600
Chicago, Illinois 60602
erm@moorlaw.net

Paul J. Lytle, ARDC #6311194
The Lytle Law Group LLC
1431 Opus Place, Suite 110
Downers Grove, IL 60515
paul@lytlemilan.com

***Attorneys for Plaintiffs and the Class***