# EXHIBIT 1 –

## Proposed Final Judgment and Order

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MANUEL BARRIOS, et al.,<br><br>    *Plaintiffs,*<br><br>  v.<br><br>THE CITY OF CHICAGO,<br><br>    *Defendant.* | No. 1:15-cv-02648<br><br>Honorable Joan B. Gottschall |

## [PROPOSED] FINAL JUDGMENT AND ORDER

Plaintiffs Manuel Barrios ("Barrios"), Brandon Fuller ("Fuller"), Savannah Washington ("Washington"), (collectively, "Plaintiffs"), having filed their Motion for Final Approval of Class Action Settlement, unopposed by the and Defendant the City of Chicago (the "City"), seeking an order granting final approval of the proposed settlement of the Litigation (the "Settlement"), in accordance with the Stipulation and Agreement of Settlement (the "Stipulation") entered into by the Parties;

Plaintiffs having also filed the Affidavit of the Settlement Claims Administrator (the "SCA Affidavit") and the Affidavit of Settlement Class Counsel ("SCC Affidavit").

Due and adequate notice having been given to the Settlement Class; and

The Court being fully advised;

After review and consideration of the Stipulation, the motion, the SCA Affidavit, and the SCC Affidavit, all other pleadings filed with the Court and the Exhibits annexed thereto, any comments received regarding the proposed Settlement, and having reviewed the entire record in the Litigation and good cause appearing, after due deliberation, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The Court, for purposes of this Final Judgment and Order (the "Order"), adopts all defined terms as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation, Plaintiffs, the Settlement Class Members, and the City.

3. The Court finds that the distribution of the Notice and Proof of Claim form, and publication of the Summary Notice of Proposed Class Action Settlement, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to apprise all Persons within the definition of the Settlement Class of the pendency of the Litigation and their rights in it, the terms of the proposed Settlement of the Litigation, and afforded Settlement Class Members with an opportunity to present their objections, if any, to the Settlement. The Court finds that the provision of Notice to the Settlement Class Members fully met the requirements of Federal Rule of Civil Procedure 23 ("Rule 23") due process, the United States Constitution, and any other applicable law.

4. The Court finds that all Persons within the definition of the Settlement Class have been adequately provided with an opportunity to remove themselves from the Settlement Class by executing and returning a Request for Exclusion.

5. The Court provides final approval of the prior provisional certification of the Settlement Class pursuant to Rule 23(b)(3) consisting of owners of 356 vehicles that were impounded by the City of Chicago under Chicago Municipal Code § 7-24-225 for a State of Illinois drug related offense where the seizure did not result in forfeiture of the vehicle and the City of Chicago initiated contact with the lienholder of the vehicle and demanded that the lienholder take possession of the vehicle, during the period of March 28, 2013 through August 1, 2015, and as a result: (1) the vehicle owner was permanently deprived of his or her vehicle due

to the lienholder taking possession of the vehicle, or (2) the vehicle owner was temporarily deprived of the use and possession of his or her vehicle (the "Settlement Class"). Pursuant to Rule 23(b)(3), Barrios, Washington, and Fuller are approved as Settlement Class Representatives.

6. With respect to the Settlement Class, this Court expressly finds and concludes that the requirements of Rule 23(b)(3) are satisfied as: (a) the Settlement Class Members are so numerous that joinder of all Settlement Class members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Settlement Class Representatives are typical of the claims of the Class; (d) the Settlement Class Representatives and their counsel have fairly and adequately represented and protected the interests of all the Settlement Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Litigation.

7. After hearing, and based upon the submission of the Parties, the Motions are granted. This Court approves the Settlement as set forth in the Stipulation, each of the releases, and other terms as fair, reasonable, adequate, and in the best interests of the Settlement Class. The Parties to the Stipulation are therefore directed to consummate and perform its terms.

8. In order to consummate the terms of the Stipulation, the Court hereby authorizes and directs the Claims Administrator to make payments from the Settlement Escrow Account in accordance with the timing set forth below:

| Payee | Amount | Purpose | Date |
|---|---|---|---|
| Edward R. Moor<br>Moor Law Office, P.C.<br>One N. LaSalle Street, Suite 600<br>Chicago, IL 60602<br>and<br>Paul Lytle<br>Lytle and Milan<br>1142 W. Madison Street, Suite 306<br>Chicago, Illinois 60607 | $_____ in fees<br><br>$_____ in costs | Attorneys' Fees, costs | Within 31 days of entry of the Final Judgment and Order |
| Manuel Barrios | $_____ | Incentive Payment | 32 days after entry of the Final Judgment and Order |
| Savannah Washington | $_____ | Incentive Payment | 32 days after entry of the Final Judgment and Order |
| Brandon Fuller | $_____ | Incentive Payment | 32 days after entry of the Final Judgment and Order |
| Claimants | Amount determined by Assigned Value or pro rata reduction | Settlement for filing valid and timely Proof of Claim | 32 days after entry of the Final Judgment and Order |
| The City of Chicago | Amount to be determined based on payments to Claimants | Reversion of remaining funds | 119 days after payments to Claimants |

4

9. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the Litigation, and all claims contained therein, as well as all of the Settled Claims, are dismissed with prejudice as to Plaintiffs and other Settlement Class Members. The Parties are to bear their own costs, except as provided in the Stipulation. By operation of the Final Judgment and Order and under the terms of the Stipulation and releases therein, it is intended to preclude, and shall preclude, Plaintiffs and all other Settlement Class Members from filing or pursuing any Settled Claims under federal law or the law of any state.

10. Plaintiffs' Second Amended Complaint is dismissed on the merits, with prejudice as to Settlement Class Members extinguishing all claims, rights, demands, and causes of action which might have been asserted therein by: (i) Plaintiffs on behalf of themselves or the Settlement Class; and (ii) all Settlement Class Members, and discharging the City therefrom.

11. Persons in the Settlement Class who have not filed timely and valid Requests for Exclusion from the Class, pursuant to the procedures described in Section 7.1, whether or not they file a Proof of Claim within the time provided for, shall be barred from asserting any Settled Claims, and all Settlement Class Members shall be conclusively deemed to have released the Released Parties from the Settled Claims and shall be barred from asserting any Settled Claims.

12. Plaintiffs and the Settlement Class Members are deemed to have, and by operation of the Final Judgment and Order shall have fully, finally, and forever released, relinquished and discharged all Settled Claims against each and all of the Released Parties, whether or not such member of the Settlement Class executed or timely delivered the Proof of Claim.

13. All Settlement Class Members, either directly representatively, or in any other capacity, are permanently barred and enjoined from instituting or prosecuting, in any capacity, any action or proceeding that involves or asserts any of the Settled Claims.

14. Only those Settlement Class Members who have filed valid and timely Proofs of Claim shall be entitled to receive a distribution from the Settlement Fund. The Proof of Claim and Release executed by the Settlement Class Members shall further release all Settled Claims against the Released Parties. All Settlement Class Members shall be bound by the releases whether or not they submit a valid and timely Proof of Claim.

15. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the City; or (ii) shall be offered in evidence by any Party for any purpose except as provided for in this paragraph. The Released Parties may file the Stipulation and/or the Final Judgment and Order in any other action that may be brought against them in order to support a defense based upon principals of res judicata, collateral estoppel, release, good faith settlement, judgment bar, or any theory of claim preclusion or issue preclusion, or similar defense. The Parties may file the Stipulation in any proceeding brought to enforce any of the terms or provision of the Stipulation.

16. Only those Persons who meet the definition of the Settlement Class identified on Exhibit 1 hereto as having validly filed a Request for Exclusion from the Settlement Class shall not be bound by this Final Judgment and Order.

17. Any order, or any objection to or appeal from any order approving Settlement Class Counsel's Attorney's Fees or incentive payments to Plaintiffs, shall in no way disturb or affect this Judgment and shall be considered separate from this Order.

18. The Court finds that the amount paid and other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

19. It is expressly determined, within the meaning of FRCP 54(b) that there is no just reason for delay and the entry of this Judgment is hereby expressly directed as final and appealable.

 

_____
**THE HONORABLE**
**JOAN B. GOTTSCHALL**

Dated: